UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT L. BAKER,

       Plaintiff,                          Case No. 3:17-cv-315

vs.

COMMISSIONER OF SOCIAL SECURITY,     Magistrate Judge Michael J. Newman
                                        (Consent Case)
       Defendant.

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 7. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 15), the Commissioner's memorandum in opposition (doc. 17), the administrative record (doc. 10),[2] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of April 9, 2010. PageID 330-37. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, status post back surgery, anxiety, and depression. PageID 65

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denial of his applications, Plaintiff received hearings before ALJ Beverly Susler Parkhurst on November 16, 2015, and again on February 17, 2016. PageID 79-144. The ALJ issued a written decision on July 1, 2016 finding Plaintiff not disabled. PageID 63-72. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are other jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 67-72.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 44-46. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

## B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 63-72), Plaintiff's Statement of Errors (doc. 15), and the Commissioner's memorandum in opposition (doc. 17). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

## A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.     "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1.  Has the claimant engaged in substantial gainful activity?;

2.  Does the claimant suffer from one or more severe impairments?;

3.  Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4.  Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5.  Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

## III.

In his Statement of Errors, Plaintiff argues that the ALJ erred by: (1) failing to give appropriate weight to the opinion of treating physician Scott Vosler, D.O.; and (2) finding his allegations of disabling pain not credible. Doc. 15 at PageID 1374-83. Finding merit to Plaintiff's first alleged error, the Court does not reach the merits of Plaintiff's second alleged error. Instead, the undersigned would direct that the ALJ consider Plaintiff's arguments regarding credibility on remand.

Until March 27, 2017, "the Commissioner's regulations [which apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id.* Under the regulations in then in effect, which control here, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal

picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

Dr. Vosler began treating Plaintiff in February 2013. PageID 690. Thereafter, and while he was treating Plaintiff, Dr. Vosler issued a number of medical source statements regarding

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

Plaintiff's physical capacity. PageID 954-55, 1057-78. Specifically, on April 16, 2016, Dr. Vosler opined that Plaintiff could lift up to 5 pounds frequently; stand and/or walk without interruption for up to 2 hours; sit between 2 and 4 hours; rarely climb, balance, stoop, crouch, push/pull, kneel and/or crawl; perform fine manipulation frequently and perform gross manipulation occasionally; needs to be able to alternate positions between sitting, standing, and walking at will; and would require 10-15 minute unscheduled rest periods. PageID 954-55. On December 3, 2015, Dr. Vosler made similar findings. PageID 1057-58.

The ALJ assigned Dr. Vosler's opinions "little weight." PageID 70. The ALJ stated:

> [Dr. Vosler's assessments are] inconsistent with the evidence of record. (Ex. B13F/B20F). These opinions are not afforded controlling weight because they are inconsistent with Dr. Vosler's treatment notes showing only monthly medication refills. (Ex. B12F). These opinions are also inconsistent with the evidence or record, showing positive Waddell signs and a negative straight leg raising test. EMG testing of [Plaintiff's] bilateral lower extremities is also normal. (Ex. b13F; B16F/37/63-64). There is no evidence supporting the severe limitations assessed. (Ex. B13F/B20F).

PageID 70.

The Court finds that the ALJ's rejection of Dr. Vosler's opinions is unsupported by substantial evidence. In rejecting Dr. Vosler's opinions, the ALJ found, as noted, that they were "inconsistent with the evidence of record." PageID 70. This Court, on a number of occasions, has concluded that such conclusory analysis of treating physicians opinions amounts to reversible error. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 245-46 (6th Cir. 2007); *Friend v. Comm'r of Soc. Sec.*, 375 Fed. App'x 543, 552 (6th Cir. 2010); *Dunham v. Comm'r of Soc. Sec.*, No. 3:16-CV-414, 2017 U.S. Dist. LEXIS 174169, *9-10 (S.D. Ohio Oct. 20, 2017); *Harp v. Comm'r of Soc. Sec.*, No. 3:16-CV-177, 2017 U.S. Dist. LEXIS 101122, *13-14 (S.D. Ohio June 29, 2017).

Contrary to the ALJ's statement -- that "there is no evidence supporting the severe limitations assessed," PageID 70 -- Dr. Vosler consistently noted clinical findings during

physical examinations of Plaintiff: namely, that Plaintiff suffered from a herniated disc; from multilevel degenerative changes of the lumbar spine with likely encroachment of the exiting L5 nerve root; he displayed signs of muscle weakness, and had an antalgic gait; experienced pain so severe that an implantation of a spinal cord stimulator was required; suffered tenderness to palpation of the lumbar spine; had denervation in the lower left paraspinal musculature; and had positive straight leg raise testing.  PageID 657, 1021, 1023-24, 1217, 1221-22, 1224, 1226, 1339-40.  It is unclear to the undersigned how these findings fail to support Dr. Vosler's opinion concerning the severity of Plaintiff's work-related impairments.  Accordingly, based upon all of the foregoing and consistent with the foregoing authority, the undersigned finds the ALJ's analysis of Dr. Vosler's opinions unsupported by substantial evidence.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits.   The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing."   42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).  Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits."  *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).  In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter

is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the docket.

        **IT IS SO ORDERED.**

Date:   April 9, 2018                          s/ Michael J. Newman
                                                      Michael J. Newman
                                                      United States Magistrate Judge